IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>       Plaintiff,<br><br>vs.<br><br>QUESTAR GAS MANAGEMENT COMPANY,<br><br>       Defendant. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 2:08CV167DAK<br><br>Judge Dale A. Kimball |

      This matter is before the court on the Utah Indian Tribe of the Uintah and Ouray Reservation's ("Tribe") Motion to Intervene and Defendant Questar Gas Management Company's Motion to Strike Movant Plaintiff-Intervenor's Proposed Complaint. The motions are both fully briefed. The United States filed a response to the Motion to Intervene, but did not respond to the Motion to Strike. The Tribe filed a Request to Submit for Decision indicating that none of the parties have requested oral argument on the motions. The court has carefully considered the memoranda submitted by the parties and the law and facts relevant to the motions. Now being fully advised, the court enters the following Memorandum Decision and Order.

**STANDARDS FOR INTERVENTION**

Rule 24 of the Federal Rules of Civil Procedure provides for intervention as a matter of right and permissive intervention. Under the provisions for intervention as a matter of right, Rule 24(a) requires a court to permit anyone to intervene who "(1) is given an unconditional right to intervene by a federal statute; or (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a).

Under the permissive intervention provisions of Rule 24, a court, in its discretion can allow for intervention "(1) when a statute of the United States confers a conditional right to intervene; or (2) when an applicant's claim or defense and the main action have a question of law or fact in common." Fed. R. Civ. P. 24(b). The court should consider whether the intervention "will unduly delay or prejudice the adjudication of the rights of the original parties." *Id.*

**DISCUSSION**

Because the issues in the Tribe's motion to intervene and Questar's motion to strike the Tribe's proposed Complaint overlap significantly, the court will discuss the motions together.

In connection with the first basis for intervention as a matter of right, the Tribe asserts that the Clean Air Act ("CAA") provides a basis for its intervention in this matter, citing 42 U.S.C. § 7604(b)(1)(B). Section 7604(b)(1)(B) provides that no action may be brought under the citizen suit provisions of the CAA "if the Administrator or State has commenced and is diligently prosecuting a civil action in a court of the United States or a State to require compliance with the standard, limitation, or order, but in any such action in a court of the United States any person

may intervene as a matter of right." *Id.* The statute defines a "person" as an "individual, corporation, partnership, association, State, municipality, political subdivision of a State, and any agency, department, or instrumentality of the United States." *Id.* § 7602(e).

Thus, the CAA does not explicitly identify tribes in the definition of "person" and the parties disagree whether the CAA's implementing regulations would allow for the Tribe's intervention in this case. The Tribe states that the EPA adopted the Tribal Authority Rule in 1998 enumerating standards for treating tribes as states. 40 C.F.R. § 49. Under Section 49.3, "[t]ribes meeting the eligibility criteria of § 49.6 shall be treated in the same manner as States with respect to all provisions of the Clean Air Act and implementing regulations, except for those provisions identified in § 49.4 and the regulations that implement those provisions." *Id.* § 49.3. Section 49.4 identifies several provisions of the CAA for which a tribe may not be allowed to be treated as a State. Section 49.4, however, does not identify the citizen suit provisions of the CAA.

The Tribe contends that the implementing regulations and corresponding case law recognizing that Tribes may be treated as States support its position that it should be allowed to intervene. Section 49.3, however, requires a tribe to meet the eligibility criteria of Section 49.6, which is similar to the CAA's requirements under 42 U.S.C. § 7601(d)(2). In addition, under Section 49.7, a tribe must "apply to the EPA Regional Administrator for a determination that it meets the eligibility requirements of § 49.6 for Clean Air Act program approval." 40 C.F.R. § 49.7(a). There is no evidence in this case that the Tribe has sought or received a determination of eligibility for treatment as a State from the EPA. The court, therefore, concludes that the Tribe does not qualify as a "person" for purposes of the CAA citizen suit provisions. Accordingly,

there is no federal statute providing for intervention in the suit as a matter of right under Rule 24(a)(1).

The other basis for determining intervention as a matter of right is whether the party "claims an interest relating to the property of transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2). Under this provision, the court concludes that the United States can adequately represent the Tribe's interests in the enforcement of the CAA. The Tribe's proposed CAA claims are no different from the CAA claims filed by the United States. Moreover, the Tribe has not sought designation for treatment as a State for purposes of bringing CAA claims and does not qualify as a "person" in order to bring a citizen suit under the CAA.

However, the Tribe has sovereign interests that are dependent upon the continued recognition that the Uncompahgre Reservation is intact which could be impacted by claims and defenses that have been raised in this action. The Tribe has an interest in the jurisdictional status of the Uncompahgre Reservation which could be impaired if the Tribe is not allowed to intervene. These interests are separate and distinct from the United States' ability to enforce the CAA. Moreover, nothing has occurred in the case on these issues that would cause the Tribe's request to intervene on that basis to be considered untimely. And the parties appear to have stipulated to a new scheduling order in anticipation of allowing this type of intervention. The court, therefore, grants the Tribe's intervention as a matter of right under Rule 24(a)(2) with respect to these jurisdictional issues raised by Questar's affirmative defenses.

More problematic, however, is the Tribe's request to intervene in order to assert its own

federal common law cause of action against Questar for public nuisance.  Questar argues that the Tribe's request to intervene in order to assert this claim is untimely because the case has been ongoing for nearly two years.  Questar contends that litigation of the Tribe's nuisance claim will involve extensive discovery that cannot be completed within the current court schedule.

The public nuisance cause of action encompasses allegations that are completely separate from the United States' CAA enforcement claims and discovery into the nuisance issues would not involve the United States.  The United States, therefore, would be prejudiced in its ability to conclude its CAA enforcement action if the court were to allow a new extended discovery period on the nuisance claim.  *See Utah Ass'n of Counties v. Clinton*, 255 F.3d 1246, 1250 (10th Cir. 2001) ("The timeliness of a motion to intervene is assessed 'in light of all the circumstances, including . . . prejudice to the existing parties.'")  On the other hand, if the Tribe's nuisance claim is permitted and the court does not extend the discovery period, Questar would be prejudiced because of inadequate time to conduct discovery on a broadly alleged new claim.

To demonstrate intervention as a matter of right under Rule 24(a)(2), the Tribe must show that the claim relates to the property or transaction at issue and that disposing of the current action will impair or impede the Tribe's ability to protect the interest sought in bringing the nuisance claim.   The court concludes that the Tribe has not demonstrated how the disposition of the current CAA enforcement action would effect its ability to bring a separate common law nuisance claim against Questar.

In addition, under the permissive intervention standards, the Tribe's broadly stated nuisance claim encompasses allegations that do not share common questions of law or fact with the CAA enforcement action.  To the extent that the public nuisance claim shares common

questions of law and fact, the court will allow the Tribe to pursue it.  The parties may extend discovery for a period of three months to accommodate that claim.  The court does not view that extension of the discovery period to be prejudicial to the United States.  In addition, because the claim is limited to only those matters that share common questions of law and fact with the existing CAA claims, the court does not believe that Questar will be prejudiced by the three month discovery period.  The court, however, will not allow the Tribe to pursue its nuisance claim to the extent that it covers matters unrelated to ongoing CAA enforcement action.  The Tribe should more properly assert such claims in a separate action against Questar.

## CONCLUSION

For the foregoing reasons, the Utah Indian Tribe of the Uintah and Ouray Reservation's Motion to Intervene [Docket No. 88] is GRANTED IN PART AND DENIED IN PART and Defendant Questar Gas Management Company's Motion to Strike Movant Plaintiff-Intervenor's Proposed Complaint [Docket No. 95] is GRANTED IN PART AND DENIED IN PART as discussed above.  The Tribe is allowed intervention as of right with respect to it sovereign jurisdictional issues raised by the claims and defenses in this action.  The Tribe is allowed permissive intervention with respect to its public nuisance claim to the extent that the claim's allegations share common legal and factual questions with the CAA enforcement claims.  Accordingly, the parties may amend their scheduling order to include an additional three months for discovery on the claim.  If this discovery extension impacts other dates in the current scheduling order, the parties should meet and agree to new dates.  The Tribe shall file an amended complaint in accordance with this ruling within ten days of the date of this Order.

DATED this 13th day of January, 2010.

_____
DALE A. KIMBALL
United States District Judge