# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

# CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>UTE INDIAN TRIBE OF THE UINTAH AND OURAY RESERVATION,<br><br>        Plaintiff-Intervenor,<br>v.<br><br>QUESTAR GAS MANAGEMENT COMPANY,<br><br>        Defendant. | MEMORANDUM DECISION AND ORDER DENYING MOTION TO RECONSIDER<br><br>Case No. 2:08CV167DAK<br><br>Judge Dale A. Kimball |

This matter is before the court on Plaintiff-Intervenor Ute Indian Tribe of the Uintah and Ouray Reservation's ("the Tribe") Motion for Reconsideration, which asks this court to reconsider its January 13, 2010 Order granting in part and denying in part the Tribe's motion to intervene.[1] The motion for reconsideration is fully briefed. Although the Tribe has requested oral argument on the motion, the court does not typically hold oral argument on these types of motions and does not believe that it would significantly aid the court in its determination of the motion. Accordingly, the court enters the following Memorandum Decision and Order based on the memoranda submitted by the parties and the law and facts relevant to the motion.

---

[1] The Tribe also asks the court for addition time in which to file its amended complaint-in-intervention. That aspect of the motion is moot given the Tribe's recent filing of its amended complaint-in-intervention. *See* Docket Entry No. 167.

A motion for reconsideration is not specifically provided for in the rules of civil procedure, and the Tribe does not state the rule upon which it is moving for reconsideration. However, under Rule 54(b) of the Federal Rules of Civil Procedure, "any order . . . that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . . may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities."  Fed. R. Civ. P. 54(b).

Motions for reconsideration are commonly considered pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, which authorizes a motion to alter or amend a judgment, or Rule 60(b), which allows motions for relief from a final judgment, order or proceeding.  "A Rule 59(e) motion to alter or amend the judgment should be granted only to correct manifest errors of law or to present newly discovered evidence." *Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997) (citations omitted).  Thus, the scope of Rule 59(e) is quite limited:

> A party should not use a motion for reconsideration to reargue the motion or present evidence that should have been raised before.  Moreover, a party seeking reconsideration must show more than a disagreement with the Court's decision, and 'recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden. When a motion for reconsideration raises only a party's disagreement with a decision of the Court, that dispute "should be dealt with in the normal appellate process, not on a motion for reargument under" [Rule 59(e)].

*NL Indus., Inc. v. Commercial Union Ins. Cos.*, 938 F. Supp. 248, 249-50 (D.N.J. 1996) (internal quotes omitted); *Resolution Trust Corp. v. Greif,* 906 F. Supp. 1446, 1456-57 (D. Kan. 1995)("A party cannot invoke Rule 59(e) to raise arguments or present evidence that should have been

raised in the first instance or to rehash arguments previously considered and rejected by the court.").  In this case, there is no new evidence asserted and no arguments that were not available to the Tribe when it brought its initial motion.

If the Tribe's motion is considered under Rule 60(b) of the Federal Rules of Civil Procedure, the Tribe must demonstrate exceptional circumstances.  *Yapp v. Excel Corp.*, 186 F.3d 1222, 1231 (10th Cir. 1999) (explaining relief under Rule 60(b) is extraordinary and may only be granted in exceptional circumstances*); Van Skiver v. United Stated*, 952 F.2d 1241, 1243 (10th Cir. 1992).  In deciding the motion, the court does not revisit the propriety of the underlying judgment or order.  *LeFleur v. Teen Help*, 342 F.3d 1145, 1153 (10th Cir 2003).  A motion for reconsideration is an "inappropriate vehicle to reargue an issue previously addressed by the court when the motion merely advances new arguments, or supporting facts which were available at the time of the original motion.  Absent extraordinary circumstances, . . . the basis for the second motion must not have been available at the time the first motion was filed."  *Servants of the Paracletes v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

The Tribe's motion merely raises issues already dealt with in the court's previous Order.  Motions for reconsideration are not appropriate merely because a party disagrees with the court's decision.  The court does not believe that there were any manifest errors of law or that it misunderstood the Tribe's arguments.  The Tribe must show more than a disagreement with the Court's decision.  The Tribe's recapitulation of its arguments already considered by the court before rendering its original decision fails to carry the Tribe's burden on a motion to reconsider.  Accordingly, the court denies the Tribe's Motion for Reconsideration.

DATED this 1st day of April, 2010.

BY THE COURT:

_____
DALE A. KIMBALL
United States District Judge