# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

# CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>QUESTAR GAS MANAGEMENT COMPANY,<br><br>　　　　Defendant. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 2:08CV167DAK<br><br>Judge Dale A. Kimball |

This matter is before the court on the Motion for Intervention as a Matter of Right by Curtis R. Cesspooch, Frances M. Poowegup, Irene C. Cuch, Phillip Chimburas, and Richard Jenks, Jr. (collectively "Movants"). The motion is fully briefed. The United States filed a response to the Motion for Intervention and Questar Gas Management Company filed an opposition. The Movants then filed a reply. The court does not believe that oral argument would significantly aid in its determination of the motion. The court has carefully considered the memoranda submitted by the parties and the law and facts relevant to the motions. Now being fully advised, the court enters the following Memorandum Decision and Order.

## DISCUSSION

Rule 24(a) of the Federal Rules of Civil Procedure provides for intervention as a matter of right. The rule requires a court to permit anyone to intervene who "(1) is given an

unconditional right to intervene by a federal statute; or (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a).

The Movants asserts that the Clean Air Act ("CAA") provides a basis for their intervention. 42 U.S.C. § 7604(b)(1)(B). Section 7604(b)(1)(B) provides that no action may be brought under the citizen suit provisions of the CAA "if the Administrator or State has commenced and is diligently prosecuting a civil action in a court of the United States or a State to require compliance with the standard, limitation, or order, but in any such action in a court of the United States any person may intervene as a matter of right." *Id.* The statute defines a "person" as an "individual, corporation, partnership, association, State, municipality, political subdivision of a State, and any agency, department, or instrumentality of the United States." *Id.* § 7602(e). The Movants clearly meet this definition.

Questar argues that the court should deny the Movant's motion for intervention because the United States can adequately represent their interests. The Tenth Circuit, however, has stated that the burden of satisfying the adequate representation prong is "minimal" and the "showing is easily made when the party upon which the intervenor must rely is the government." *WildEarth Guardians v. United States Forest Service*, 573 F.3d 992, 996 (10th Cir. 2009). The government's "obligation is to represent not only the interest of the intervenor but the public generally, and [it] may not view that interest as coextensive with the intervenor's particular interest." *Id.* The Movants state that they seek to provide input and assist the court in fashioning a remedy if the government proves CAA violations at trial. It is possible that the Movants'

2

interests will not be entirely aligned with the United States' in that regard. Accordingly, the court finds that intervention is appropriate.

Finally, Questar argues that the Movants' motion is untimely. Movants, however, do not seek to engage in any further discovery. They state that their goal is to be prepared to protect their financial and health interests in the event that the United States fails to do so and to assist in fashioning a remedy if the United States proves a CAA violation at trial. The Movants thus propose a fairly limited role in the litigation. Given that limited role, the court does not believe that the Movants' intervention will unduly delay the proceedings.

## CONCLUSION

Based on the above reasoning, the court GRANTS the Motion for Intervention as a Matter of Right by Curtis R. Cesspooch, Frances M. Poowegup, Irene C. Cuch, Phillip Chimburas, and Richard Jenks, Jr. [Docket No. 196].

DATED this 7th day of October, 2010.

DALE A. KIMBALL
United States District Judge